THOS. K. HARRIS and others *v.* RICKS, HILL & Co., and others.

The provision of the Code C. P. giving plaintiffs having judgment, *three years* in which to issue execution, applies to judgments pending at its adoption: *therefore,* a plaintiff in such a judgment which at the time of application was more than a year old, had a right to have it docketed.

*Quare* whether a creditor by prior docketed judgment, who places execution in the Sheriff's hands *after* a sale, can intercept its proceeds, to the prejudice of creditors by subsequent docketed judgments, whose executions were in the Sheriff's hands at the sale?

RETURN by Sheriff, asking advice as to the application of the proceeds of sales under execution, to the process in his hand, made to *Watts, J.,* at HALIFAX, Spring Term 1869.

42

The principal points of difference between the parties were:

1. Whether a creditor by judgment, which was pending when the C. C. P. was adopted, and, at the time of applying to have it docketed, was more than a year old (and so, by the previous laws, would have been dormant), could have it docketed, so as to be preferred to other judgments taken under the code, and docketed subsequently;

2. Whether creditors (Pullen, Pierce & Co.,) whose judgment was docketed before the sale, could intercept the proceeds of such sale by placing an execution in the Sheriff's hands *after* it had occurred, to the prejudice of creditors by judgment, docketed after his, executions under which were in the Sheriffs, hands at the sale.

The amount in the hands of the Sheriff rendered the former question the only one of practical importance.

His Honor decided it in favor of the creditor with oldest docketed judgment, and other creditors appealed.

*Rogers & Batchelor,* and *Conigland,* for the appellants.

*Barnes* and *Walter Clark, contra.*

READE, J. Under the Code, (§ 255,) execution may issue as of course, at any time within three years from the rendition of the judgment; and this applies to judgments existing at the time of the adoption of the Code.

When the execution comes to the hands of the Sheriff, he is required "to satisfy the judgment out of the personal property of the debtor; and if sufficient personal property cannot be found, out of the real property belonging to him *on the day when the judgment was docketed* in the county, or at any time thereafter. C. C. P. § 361.

The judgment is a lien upon land at, and from the time of its being docketed. C. C. P. § 254.

The funds in the Sheriff's hands must be applied to the satisfaction of the executions, according to the priority of the docketing of the judgments. There are six of the judgments which were docketed prior to the 4th day of January 1869,

which was the day on which the judgment in favor of Pullen & Pierce was docketed, and therefore those six are to be satisfied before that of Pullen & Pierce. This would be so, even if Pullen & Pierce's execution had been in the Sheriff's hands at the time of the sale, which was not the fact; it came to his hands after the sale.

A question is presented whether the execution of Pullen & Pierce, whose judgment was docketed 4th January 1869 but did not reach the Sheriff's hands until after the sale, has priority over several other executions which did reach the Sheriff's hands before the sale, but were issued upon judgments docketed after January 4th 1869. It would seem that a judgment creditor prior in the order of docketing his judgment, who negligently fails to sue out execution, ought to be postponed to a judgment creditor subsequent in the order of docketing, but who sues out execution and sells. Especially would this seem to be so, if the prior judgment creditor had notice of the subsequent judgment creditor's levy and purpose to sell. But we suppose from what was said at the Bar, that the funds in the Sheriff's hands will not be sufficient to satisfy the first six executions; so that the question is of no practical importance in this case, and therefore we do not decide it. If it should turn out to be necessary, the point can be presented hereafter. There will however be General Rules adopted at this term and publised with the Reports, which will cover the case. The case of *Allen* v. *Plummer*, at the last term, was before the Code.

There is no error in his Honor's ruling. The costs will be paid by the appellants.

PER CURIAM.                              Judgment affirmed.